CHARLES H. BOGUE ET AL., APPELLEES, V. HERMAN O. GUTHE ET AL., APPELLANTS.

FILED MARCH 17, 1898. No. 7909.

Petition to Foreclose Mechanic's Lien. In an action brought to foreclose a mechanic's lien the petition alleged that the materials were sold and delivered to be used in the erection of a building, but did not charge that they were actually so used. It was further alleged that during the time the materials were being delivered the purchaser of the same sold the premises to his co-defendant, who completed the building, using a small portion of the materials for that purpose. *Held*, That the petition states a cause of action against both defendants.

APPEAL from the district court of Buffalo county. Heard below before SINCLAIR, J. *Affirmed.*

*Greene & Hostetler*, for appellants.

*E. C. Calkins, contra.*

SULLIVAN, J.

This appeal presents for decision the sufficiency of the petition to sustain a judgment rendered by the district court of Buffalo county in favor of Bogue and Tout against the defendant Anna Guthe. These are the material averments of the petition:

"1. That on or about the 12th day of November, 1892, the plaintiffs were partners doing business at Kearney, Nebraska, under the firm name of C. H. Bogue & Co., entered into a verbal contract with defendant Herman O. Guthe to furnish him lumber and building material for the erection and reparation of certain houses, buildings, and appurtenances upon, and to be erected upon, that certain tract of land situated in the county of Buffalo and state of Nebraska, known as the northwest quarter of section 14, town 9, range 15 west, at fair market value thereof; and that on that day, and on divers days from that day to and including the 19th day of June, 1893, the said plaintiffs delivered to the said Herman O. Guthe lumber and building material for the erection and reparation of said buildings and appurtenances upon said land, of the value and at the agreed price of $868.95.

"2. That at the time of the making of the said contract and the commencement of the furnishing of said materials, and up to the 10th day of May, 1893, the said Herman O. Guthe was the owner and holder of the legal title in fee-simple of the said premises and in possession thereof and that on the said 10th day of May, 1893, the said Herman O. Guthe conveyed said premises to the defendant Anna Guthe, who is the mother of said Herman O. Guthe, and resided with him on said premises, and who has ever since held the legal title thereto.

"3. That plaintiffs furnished all of said described lumber and building material before said conveyance, except

items amounting to the sum of $36.35, and that as to said last named items they were furnished to, and used by, the defendant Anna Guthe in completing said work.

"4. That on the 29th day of June, 1893, and within four months from the time of furnishing said material the plaintiffs made an account in writing of the items of such material furnished said defendant under said contract, and after making oath thereto as required by law, caused the same to be filed in the office of the register of deeds in and for said county and recorded in Mechanic's Lien Record 'D' at page 346, a copy of which account and affidavit is hereto attached and marked Exhibit 'A.'

"5. That no part of said account has been paid except the sum of $200, but that there remains due the plaintiffs from the said defendants the sum of $668.95, with interest on said sum at the rate of seven per cent per annum from the 29th day of June, 1894."

The infirmity imputed to this pleading is the failure to allege that the materials furnished were actually used in the construction of improvements on the premises described. The fact, distinctly charged, that Anna Guthe used a portion of the material in question in completing the structure for which it was all sold and delivered seems to fully meet the objection raised. It not only shows that part of the material was used in improving the premises, but it contains a strong implication that it was all so used. If the structure had not been commenced by Herman O. Guthe before the sale, it is difficult to understand how Anna Guthe could have completed it after the sale. The judgment of the district court is clearly right and is

AFFIRMED.